### HENRY A. RICH *vs.* O. A. SMITH.

Suffolk.    November 15. — 20, 1876.    AMES & LORD, JJ., absent.

A lease of a building stated that the rent had been paid in advance for the full term. The lessee covenanted to deliver up the premises, at the expiration of the term, in good condition, "fire and unavoidable casualties excepted," and "to pay the rent as above stated during the term, and also the rent as above stated, for such further time as the lessee may hold the same." It further provided that, in case the premises should be destroyed by fire "during said term," "the rent hereinbefore reserved, or a just and proportionate part thereof, shall be suspended or abated, until the said premises shall have been put in proper condition for use and habitation by the said lessor, or these presents shall thereby be determined and ended at the election of the said lessor." During the term the building was destroyed by fire, and the lessor elected not to rebuild. *Held*, that the lessee was entitled to recover back a proportionate part of the rent paid in advance.

CONTRACT to recover back rent paid in advance for a room, called Webster Hall, in a building in Hyde Park, under a lease from the defendant to the plaintiff, dated November 1, 1873, the material parts of which were as follows :

"This lease is given in consideration of an agreement, by the terms of which said Smith is to receive full benefit ; so that the rent of said Webster Hall has been paid in advance for the term of three years from the first day of January next, A. D. 1874.

"Said Rich has the right to make any change or alterations in said room which shall not be injurious to the room or building, but he shall at the expiration of this lease leave all the fix-

tures which he has, or may hereafter place in said room or hall. All repairs in said hall to be made at the expense of the lessee. To hold for the term of three years from the first day of January, eighteen hundred and seventy-four.

" And said lessee does promise to quit and deliver up the premises to the lessor or his attorney, peaceably and quietly, at the end of the term, in as good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties excepted, as the same now are, or may be put into by the said lessor, and to pay the rent as above stated during the term, and also the rent as above stated, for such further time as the lessee may hold the same, and not make or suffer any waste thereof; and that the lessor may enter to view and make improvements, and to expel the lessee if he shall fail to· pay the rent as aforesaid, or make or suffer any strip or waste thereof.

" And provided, also, that in case the premises, or any part thereof, during said term, be destroyed or damaged by fire or other unavoidable casualty, so that the same shall be thereby rendered unfit for use and habitation, then, and in such case, the rent hereinbefore reserved, or a just and proportionate part thereof, according to the nature and extent of the injuries sustained, shall be suspended or abated until the said premises shall have been put in proper condition for use and habitation by the said lessor, or these presents shall thereby be determined and ended at the election of the said lessor or his legal representatives."

At the trial in the Superior Court, before *Pitman*, J., without a jury, the execution of the lease was admitted. It was further admitted that the building containing the leased premises was entirely destroyed by fire on May 4, 1874, four months and four days after the commencement of the term ; and that the defendant elected, in accordance with the terms of the lease, not to rebuild.

The defendant asked the judge to rule, " that under the provisions of the lease the defendant had a right to elect not to rebuild the premises without rendering himself liable to pay back to the plaintiff any part of the rent which had been paid in advance to the defendant by the plaintiff." The judge refused so to rule, assessed the damages on evidence, which was

not objected to, at $543.25, and ordered judgment for the plaintiff for that sum. The defendant alleged exceptions.

*O. T. Gray*, for the defendant.

*C. W. Turner*, for the plaintiff.

GRAY, C. J. The whole tenor of the lease clearly manifests the intention of the parties that a loss by fire should not fall upon the lessee. It inserts the usual exception in the covenant to deliver up the premises in good order at the end of the term; and contains the usual proviso that, in case the premises shall, during the term, be destroyed by fire, "the rent hereinbefore reserved" "shall be suspended or abated" until the premises shall have been put by the lessor in proper condition for use and habitation, or, at his election, the lease shall be determined. This proviso for an abatement of rent extends as well to the case of the lessor's electing to determine the lease, as to the case of his rebuilding. "The rent hereinbefore reserved" can apply to nothing but the rent previously mentioned as having been paid in advance; and the only way of abating such rent is by the lessee's recovering back a proportionate part thereof. The amount to be so recovered having been assessed upon evidence, and in a manner to which no objection is made, the

*Exceptions must be overruled.*