## National Hotel Company, Appellant, v. Dick Townsend, Appellee.

### Gen. No. 5,742.

LANDLORD AND TENANT—*credit for rent when case is tried on a stipulation of facts.* Where an action, which is partly for rent, is submitted to the court on a stipulation of facts which states that the premises were destroyed by fire during a month for which the

rent had been paid in advance, it is proper to credit defendant with the rent for the rest of the month though no plea of set-off is filed. *Certiorari* denied by Supreme Court (making opinion final).

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913.

DAN R. SHEEN and GILES E. KEITHLEY, for appellant.

WEIL & BARTLEY and NATHAN H. WEISS, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellant had a suit pending against appellee, and part of it at least was for rent. After suit was begun the premises which appellant had leased to appellee were destroyed by fire, on November 12, 1911. Appellee had paid $1,250 in advance for rent of that month, and upon the trial of this case he claimed a credit for $750, proportionate rental for part of the month of November, 1911, during which he was deprived of the use of the property by its total destruction. The court granted the credit and rendered a judgment against appellee, and the National Hotel Company, plaintiff below, appeals on the ground the credit should not have been allowed. Other counsel appear here for appellant than in the court below, and here claim that the allowance of the credit was erroneous, first, because there was no plea of set-off; second, because the subject-matter of a set-off did not arise until after this suit was begun; and third, that a lessee cannot recover any rent paid by him in advance in accordance with the terms of the lease, because of a subsequent destruction of the subject-matter of the lease.

In the court below a jury was waived and all the facts stipulated except the lease, and it was put in evidence. That stipulation, after stating the facts, provided that the only question in controversy was whether appellee was entitled to this credit, and no

claim was made that the plea of set-off was necessary, or that the credit should not be granted, because the fire occurred after the suit began. This is an attempt by the subsequent attorneys to get rid of the force of the stipulation. The lease contained a provision that in case the premises should be totally destroyed by fire during the term of the lease, the rent should be suspended until the premises should be repaired. We think it clear under this language, the running of the rent in favor of appellant was suspended when the fire occurred. If the tenant instead of paying in advance had failed to pay until the end of November, and suit was brought to recover that month's rent, clearly, under the provision of the lease all appellant could recover for would be for the first twelve days, and as to the rest of the month the rent was suspended by the fire. It does not alter the legal rights of the parties that the rent was paid in advance. This $750 was for the use of the premises for a period of which appellee was deprived of their use by reason of the fire. The case of Rich v. Smith, 121 Mass. 328, is almost identical and sustains this judgment.

The court correctly decided the only question submitted by the stipulation. Judgment affirmed.

*Affirmed.*