J. W. AINSWORTH, APPELLANT, *v.* A. P. RITT, RESPONDENT.

LANDLORD AND TENANT—LEASE OF A BUILDING.—If there be no covenants to repair, in the lease of a building, and not of the land on which it rests, the destruction of the building terminates the lease and the relation of landlord and tenant, and no rent can be recovered therefor, subsequent to the destruction of the building.

APPEAL from the District Court of the Fifth District, County of San Joaquin.

The case is stated in the opinion of the Court.

*Terry, Carr & Wilkes,* for Appellant, cited *Schilling* v. *Holmes* (23 Cal. 227); Taylor's Landlord and Tenant, Sec. 378; Smith's Landlord and Tenant, Sec. 211.

*G. T. Martin* and *S. A. Booker,* for Respondent.

SPRAGUE, J., delivered the opinion of the Court:

This is an action to recover rents from defendant, alleged to be due under a lease of the west half of a building in the City of Stockton. From the findings it appears that the City of Stockton was the owner of the land upon which the building was located; the plaintiff owned the building and paid ground rent to the city, and after the defendant had occupied the west half of the building, under his lease of the same from plaintiff, for about one month, the building was entirely demolished by one Edwards, without the consent of either plaintiff or defendant; but defendant knew that Edwards intended to demolish the building, and with such knowledge left the building.

The lease, as between plaintiff and defendant, was of a portion of the building or superstructure, and not of the land upon which the same rested; hence a destruction of the house, the subject-matter of the lease, in the absence of covenants to repair, terminated the lease and the relation of landlord and tenant, and no action can be maintained by the plaintiff for rent accruing subsequent to the destruction of the building and consequent termination of the lease. (Taylor's L. and T. Sec. 520; *Kerr & King* v. *The Merchants' Exchange Co.*, 3 Edw. Ch. R. 315; *Winton* v. *Cornick*, 5 Ohio, 477; *Stockwell* v. *Hunter*, 11 Met. Mass. 448.)

We discover no error in the judgment, and it must be affirmed.