## August Tarkovsky v. George H. Hess Company.

1. RENT—*Where Premises are Destroyed by Fire.*—Under a lease which provided that upon the destruction of the premises by fire, the term created thereby should cease and determine, and also that the rent should be paid monthly in advance, a proportion of the rent can not be

recovered back when the premises are destroyed before the end of the month for which it was paid.

**Assumpsit** for money had and received. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

FLOWER, SMITH & MUSGRAVE, attorneys for appellant, contended that it is an elementary principle of law that failure of consideration is a good defense to an action upon a contract, and while under the common law the destruction of buildings did not release the tenant from payment of rent, without an express contract to that effect, the rule was said by law writers to be founded upon the fact that the profits were supposed to be obtained from the land itself, which still remained; but where there was a destruction of the subject-matter of the lease no rent could be recovered. Hart v. Windsor, 12 Meeson & Welsby, 79; Graves v. Berdan, 29 Barb. 102; Coogan v. Parker, 2 S. C. 274.

Hence, where the lease is only of apartments, distinct from the land, it is held that the destruction of the building operates as a termination of the lease, and the tenant is no longer required to pay rent. Kerr v. Merchants' Exch. Co., 3 Edw. Chy. 314; Parker v. Gibbons, 1 Queen's Bench 421; 2 Wood's Landlord & Tenant (2d Ed.), 1032; 12 Am. & Eng. Ency. of Law 757; Harrington v. Watson, 11 Ohio 67.

The cases where this question has arisen are very rare, and counsel have not been able to find any adjudication in this State. They cite Porter v. Tull, 6 Wash. 408; 22 L. R. A. 613; May v. Rice, 108 Mass. 150; Rich v. Smith, 121 Mass. 328.

POPE & SMALL, attorneys for appellee.

There is no authority upon this question to be found in the reports applicable to a common law suit. The case of Porter v. Tull, 6 Wash. 408, is of no authority or weight in this State in a common law action. Washington is a code State, and the decision is based entirely on the equity rule

of apportionment, which has been decided in this State not to apply to common law actions on contracts. Crosby v. Loop, 14 Ill. 330; Adler v. World's P. Ex. Co., 126 Ill. 373, 377; American Publishing Co. v. Wilson, Chicago Legal News, Vol. 28, No. 33, page 269; 63 Ill. App. 413.

The general principle has been decided by our Supreme Court that the destruction of the premises by fire in the absence of an express stipulation to the contrary does not release the tenant from the payment of rent. Barrett v. Broddie, 158 Ill. 479; 57 Ill. App. 226; Smith v. McLean, 123 Ill. 210.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a suit brought by appellant to recover back the proportional part of a month's rent paid by him in advance for premises destroyed by fire during the month for which the rent was paid.

The rented premises consisted of all of the third floor and of portions of the second and fifth floors of a building in Chicago.

The monthly rent was $276, which, on March 4, 1891, was paid for that month, and on the eleventh day of the same month the building was substantially destroyed by fire.

The lease contained the following provision:

" Upon the destruction of said premises by fire, the term hereby created shall cease and determine."

There is no contention but that the lease became terminated by the destruction of the premises by fire.

The lease also provided that the rent should be paid in advance for each month of the term, and it was so paid for the month in question.

Can a proportionate part of such payment be recovered back ? We think not. The contract of the parties ought to govern. They provided by their agreement how the rent should be paid, but did not agree that the rent should be abated for any part of the time for which it should be paid in case the premises should be destroyed.

Their only agreement with reference to a destruction of the premises, was that the lease should thereupon terminate and, impliedly, that no more rent should accrue. Such was probably the law without any agreement.

But as to rent previously paid they made no provision, and we do not feel called upon to make one for them. As we view the case, the risk of the lease being terminated before the time expired for which rent was paid, was upon the party paying. That was in effect what his contract was when he agreed to pay in advance.

Even were we to assume that the case of Porter v. Tull, 6 Wash. 408, decided by a divided court, is in point and applicable, we are not inclined to follow it.

We think the judgment below in favor of the appellee, denying the right of appellant to recover back any part of the rent paid, was right, and it will therefore be affirmed.