## Wm. A. Stautz v. Protzman & Peer.

1. LANDLORD AND TENANT—*Destruction of the Premises by Fire Does Not Relieve Tenant from Paying Rent.*—Where there is an agreement to pay rent for the use of lands and buildings. and the buildings are

destroyed by fire, the tenant is not relieved from the payment of rent, unless he has protected himself in his lease by a provision to that effect.

2.   REMEDIES—*Rights as They Exist at the Commencement of the Suit.*—The rights of the parties in a litigation are to be adjudicated as they existed at the commencement of the action.

3.   STATUTE OF FRAUDS—*Verbal Lease, When Completely Executed.*—A verbal lease for more than a year, when completely executed by the parties, is binding upon them and the statute of frauds can not be invoked to avoid it.

**Action upon an Account.**—Trial in the Circuit Court of McLean County, on appeal from a justice of the peace; the Hon. COLOSTIN D. MYERS, Judge, presiding.   Verdict and judgment for plaintiff; appeal by defendant.   Heard in this court at the May term, 1899.   Reversed with a finding of facts.   Opinion filed September 20, 1899.

ROWELL, NEVILLE & LINDLEY, attorneys for appellant.

When there is an express covenant to pay rent the lessee will be liable, although the premises should be destroyed by fire or other inevitable accident.   Walker's Am. Law, 441.

The destruction of the premises demised, or their becoming untenantable from any cause without the lessor's fault, does not relieve the lessee from his covenant to pay rent. Washburn on Real Prop., Vol. 1, 466.

Nor does such destruction furnish any defense either in full or *pro tanto* against a lessor's claim, unless there are exceptions to that effect in the lease.   Washburn on Real Prop., Vol. 1, p. 466; Phillip v. Stevens, 16 Mass. 238; Warner v. Hitchins, 5 Barb. 666; Nave v. Barry, 22 Ala. 382; Niedlict v. Wales, 16 Mo. 214.

This rests on the ground that the lessee is in such case the purchaser and owner of the premises for the term, and at the price agreed upon in the lease, and therefore the lessee is not exempt from paying the price, though the premises are destroyed during the term by tempest or fire, the loss to that extent being his and not the lessor's.   Wash. on Real Prop., Vol. 1, 467.

A tenant is bound to pay the stipulated rent though the building is consumed by fire.   Stow v. Russell, 36 Ill. 35–20.

A parol contract which is required by the statute of fraud to be in writing is as binding as any when performed or while being performed.   Swanzey v. Moore, 22 Ill. 63.

If parties to an oral contract treat it as obligatory until it is executed, objection that it is not in writing is bad. Wheeler v. Frankenthal, 78 Ill. 124.

Welty & Sterling, attorneys for appellees.

Where the lessee pays rent in advance for the term, and before the expiration of the term the premises are destroyed by fire, and the landlord rebuilds and leases to another, the lessee is entitled to recover back from the lessor the rent paid by him for that portion of the term covered by the second lease. Ward v. Bull, 1 Fla. 271; Am. & Eng. Ency. of Law (1st Ed.), Vol. 12, 742; Gear on Landlord and Tenant, 140.

Where a tenant vacates premises damaged by fire, and insists the lease is terminated, the landlord may relet the same for the benefit of such tenant, and the liability of such tenant for rent will be diminished to the amount of such reletting. The landlord can not recover double rent. Humiston, Keeling & Co. v. Wheeler, 70 Ill. App. 349; 175 Ill. 514.

Mr. Justice Burroughs delivered the opinion of the court.

This was a suit commenced by appellees against appellant before a justice of the peace in McLean county, where a judgment was rendered for appellees for $42.76, from which appellant took an appeal to the Circuit Court of that county, where a trial was had by jury, and a verdict and judgment was recovered in favor of the appellees for $7.69.

The record shows that this suit was begun on the 30th of September, 1898, upon an account containing an item of $50 for advance rent, which is the only item in dispute between the parties, and which, if not a valid claim, leaves the appellees indebted to appellant for a small amount.

Appellant brings the case to this court by appeal and urges a reversal principally because:

(1) The verdict is contrary to the law and the evidence;

(2) The court gave improper instructions at the request of the appellees; and

(3)   The court refused proper instructions offered by appellees.

The facts, as shown by the evidence, are, that during the month of August, 1897, appellees requested appellant to erect and rent to them a store building in the city of Bloomington, Illinois, and as an inducement to appellant to do so, they verbally agreed to pay him as rent therefor $15 per month, and to pay in advance $200 on account of such rent.

Appellant erected the building, and on the 20th of September, 1897, appellees took possession of same and paid appellant $200 as rent for thirteen and one-third months, commencing October 1, 1897, and ending November 10, 1898.

On June 30, 1898, appellees notified appellant, in writing, that on August 1, 1898, they would surrender to him the possession of the store building.   On July 11, 1898, the building was badly damaged by fire, and on that day appellees voluntarily surrendered the possession of same to appellant, who soon afterward repaired it, and on October 1, 1898, leased it to one White.

The $50 item sued for is a claim for that portion of the $200 advance rent covering the time from August 1, 1898, to November 10, 1898.   Appellees urge their right to recover same.   First, because the verbal lease was within the statute of frauds and therefore void; and, second, for a failure of consideration for so much of the advance rent paid as represented the time between the burning of the building and November 10th, the time to which the rent was paid.

We think appellees are not entitled to recover any part of this advance rent, for while the lease was verbal, yet the contract between appellees and appellant for erecting and leasing the building was completely executed on both sides, therefore the statute of frauds can not be invoked by appellees to aid them, as contended.   James v. Morey, 44 Ill. 352.

Appellees had paid the rent for the term of thirteen and one-third months, and appellant had performed all that he

agreed to do, to wit, erect said building and give appellees possession of same, with right to keep and use same for the stipulated time and sum, and the only reason appellees did not enjoy the possession of the building for the full term, was because of the fire and their voluntary surrender of it to appellant. The burning of the building does not entitle appellees to recover back any part of the rent paid in advance, as there was no evidence to show that appellant had agreed to refund any part of same, in case the building was burned. Where there is an agreement to pay rent for the use of lands and buildings, and the buildings are destroyed by fire, the tenant is not relieved from the payment of rent, unless he has protected himself in his lease by a provision to that effect. (Amer. & Eng. Ency. of Law, Vol. 12, 741; Smith et al. v. McLean et al., 123 Ill. 210.)

As to the rulings of the trial court on the evidence and instructions, the court permitted evidence to show that appellant had received from White, some time in December, 1898, $15 as rent for said building from October 10, 1898, to November 10, 1898, being the last month for which appellees had paid rent, and instructed the jury that a recovery could be had therefor. This was error, because this suit was commenced September 30, 1898, and the rights of the parties hereto must be adjudicated as they existed at that time. If appellees were entitled to recover from appellant any rent that might have been paid him by White after White leased said building, the same was not due, nor had it been paid at the time of the commencement of this suit; hence appellees are not entitled to recover therefor in this case.

We do not deem it important to discuss other alleged errors, as the judgment must be reversed for the reasons above given. Judgment reversed.

**Finding of Fact.**—We find the following fact to be incorporated in the judgment of this court:

The court finds that there is nothing due from the appellant to the appellees on the demand sued on in this case.