[Civ. No. 395. First Appellate District.—April 14, 1908.]

W. E. MEEK, Appellant, v. MARGARITA CUNHA and CHARLES CUNHA, Her Husband, Respondents.

LANDLORD AND TENANT—LEASE OF ASPARAGUS TRACT—UNCONDITIONAL RENT—LOSS OF CROP BY FLOOD—RENT NOT APPORTIONED.—Under a lease of an asparagus tract of fifty-five acres for the period of ten months from November 30th, at an unconditional rental of $2,500, the sum of $2,250 of which was paid in advance, and the remainder of which was to be paid April 1st of the next year, on or about which date nearly the whole annual crop was destroyed by flood (the roots being uninjured), the tenant must bear the loss of the annual crop, and cannot claim any apportionment of rent, nor recover back any part of the rent paid in advance.

ID.—CONSTRUCTION OF CODE—DESTRUCTION OF THING HIRED—RESCISSION—THING LEASED NOT DESTROYED—TENANT'S LOSS.—It is only where the body or greater part of the thing hired is destroyed that the hirer may terminate the hiring before the end of the term, under section 1032 of the Civil Code, which has no application to a lease, under which no part of the thing leased has been destroyed. In the present case, the thing leased was the land and asparagus beds, without any existing crop thereon, no part of which was de-

stroyed. The only thing destroyed being the growing crop, which, under section 1926 of the Civil Code, belongs to the tenant, the loss thereof must fall upon him.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Bigelow & Dorsey, and Mastick, Van Fleet & Mastick, for Appellant.

Jordan & Brann, for Respondents.

HALL, J.—This is an appeal by plaintiff from a judgment on demurrer sustained to plaintiff's complaint.

As appears by the complaint, plaintiff, on the thirtieth day of November, 1903, leased of defendants, for the period of ten months next ensuing, fifty-five acres of land then planted in asparagus, which produced annual crops, and which asparagus, it is alleged, constituted, and was then known to defendants to constitute, the material and sole inducement to plaintiff to hire said land. By the terms of the lease plaintiff unconditionally promised to pay as rental the sum of $2,500, to wit, $2,250 at the execution of the lease, and $250 on April 1, 1904, and plaintiff did pay on the thirtieth day of November, 1903, said sum of $2,250. About the 1st of April, 1904, an extraordinary rise occurred in the San Joaquin river, which bounds the leased lands, whereby the flood waters thereof, without any fault of defendants or plaintiff, broke through the levee which protected said lands and inundated the same, so that the lands and asparagus beds thereon were kept covered by water to a depth of several feet during the months of April, May and June, 1904, and the whole crop of asparagus for the season destroyed, save what had been cut during the two weeks immediately preceding April 1st, the value of which was much less than the amount expended by plaintiff in the care and cultivation of the leased premises. It is alleged that because of said flood the only beneficial use of said lands or of said asparagus beds which plaintiff made or could have made, was between March 15 and April 1, 1904,

the use during the remainder of the term being merely nominal and of· no benefit to plaintiff.

On May 5, 1904, plaintiff served on defendant written notice of rescission, stating that the asparagus crops on the leased lands had been destroyed by the flood, demanded the repayment of the $2,250 paid to defendants, and offered to surrender possession of the leased land.

Repayment being refused, this action was brought to recover the sum of $2,250 paid as rent for the leased premises.

Plaintiff, upon the facts stated in his complaint, had no cause of action against defendant to recover the money paid as rent, or any portion thereof. .

When reduced to its last analysis, plaintiff leased land planted to asparagus, from which he expected to harvest a profitable crop, but for a cause for which defendants were in no way to blame he lost the crop and the opportunity to make any profitable use of the land. Neither the land nor the asparagus beds were destroyed—the crop only was destroyed. Asparagus is grown from roots which are perennial, and being once planted produce the asparagus of commerce for many successive years. An asparagus bed is, in this respect, much like an orchard. We apprehend that no one would contend that the lessee of an orchard who lost his entire crop for a season by reason of blight, storm or insect pest could have an apportionment of rent as against his landlord, under a lease containing an unconditional promise to pay rent.

Appellant concedes that under the general rule at common law, the fact that the tenant after the beginning of the term was deprived of the beneficial enjoyment of the leased premises by inevitable casualty, happening without the fault of either the landlord or tenant, would not entitle him to an apportionment of rent (*Cowell* v. *Lumley,* 39 Cal. 151, [2 Am. Rep. 430]; 18 Am. & Eng. Ency. of Law, 305, cases in note 6); but he urges that this case is within the exception to the general rule, recognized in some of the states, that where a substantial part of the premises is destroyed without fault of either party, the tenant will be entitled to an apportionment of rent.

The cases of this character are all where buildings or other structures essential to the use of the leased premises were destroyed. No case can be cited where the destruction of a crop

has been held, in a common-law state, to entitle the tenant to an apportionment of rent under an unconditional promise to pay a stipulated sum as rental.

Neither does the fact that a tenant's beneficial enjoyment of the premises is interrupted by an inundation affect his liability for rent. (18 Am. & Eng. Ency. of Law, 306; *Niedelet* v. *Wales,* 16 Mo. 214.)

The case of *Wattles* v. *South Omaha Ice & Coal Co.,* 60 Neb. 251, [61 Am. St. Rep. 554, 69 N. W. 785, 36 L. R. A. 429], much relied on by appellant, bears no similitude to the case at bar. Ice-houses and buildings, necessary and essential to the use of the plant rented for gathering and storing ice, were destroyed. The case would have some likeness to the case at bar if, by reason of high temperature, the ice ponds had produced no ice.

*Viterbo* v. *Friedlander,* 120 U. S. 730, [7 Sup. Ct. Rep. 962], also relied on by appellant, arose under the Code of Louisiana, where the rules of the civil law prevail, and was an action to annul a lease of a sugar plantation, where the bridges, roads, drainage canals and "stubble" and "seed cane," from which cane is harvested and taken to plant and to make into sugar, were destroyed by an overflow of the Mississippi river through a crevasse in the levee along the banks of the river. In this case it was held that if the crops only had been destroyed, the tenant would not have been entitled to any abatement in the rent, but that the destruction of the bridges, roads, canals, "stubble" and "seed cane" was such a destruction of the subject matter of the lease, to wit, a "sugar plantation," as to bring the case within the scope of the Louisiana code, providing that "If, during the lease, the thing be totally destroyed by an unforeseen event, . . . the lease is at an end," and accordingly the lease was annulled.

In passing upon the question involved, the court used this significant language: "This was not a mere destruction of a crop for one year, like the destruction of a crop of wheat, or of grapes, or of apples, but it was more like the destruction of the vines, or of the apple trees, from which present and future crops are to be gathered."

But the case at bar is simply the destruction of the crop, no destruction of any part of the premises or of the asparagus beds or roots being alleged or claimed. Plaintiff in his notice of rescission correctly stated the facts when he wrote,

"and that the entire asparagus crop therein has in consequence perished."

Appellant urges that the facts of this case bring it within the provisions of section 1932, Civil Code, that "The hirer of a thing may terminate the hiring before the end of the term agreed upon . . .

"2. Where the greater part of the thing hired or that part which was, and which the letter had at the time of the hiring reason to believe was the material inducement to the hirer to enter into the contract, perishes from any cause other than the ordinary negligence of the hirer."

But it is perfectly plain that no part of the thing hired has been destroyed. At the time of the hiring no crop was in existence. The land containing asparagus beds was hired, but neither the land nor the asparagus beds were destroyed. Doubtless plaintiff hoped to realize a crop, but, as stated in his notice of rescission, "the asparagus beds on the premises constituted the sole inducement which caused me [him] to enter into the contract," and the asparagus beds have not perished nor been destroyed. The facts do not bring the case within the provisions of section 1932, Civil Code.

The only thing that was destroyed was the growing crop, which belonged to the tenant (Civ. Code, sec. 1926), and the loss of which must be borne by him.

The judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 12, 1908.