(65 Misc. Rep. 27.)

BRUNSWICK–BALKE–COLLENDER CO. OF NEW YORK v. WALLACE.

(Supreme Court, Appellate Term. November 12, 1909.)

1. LANDLORD AND TENANT (§ 213*)—DESTRUCTION OF PREMISES—LIABILITY FOR RENT—"ACCRUED RENT."

Where a lease required payment of rent on the 1st of the month in advance, and also provided that in case of fire the landlord should on notice forthwith repair, unless the damage was such that the landlord should decide to rebuild, in which case the term should cease, and the "accrued rent" be paid up to the time of the fire, and, the premises having been destroyed on the 10th of the month, the landlord decided to rebuild, the lessee could not recover from the landlord the rent paid in advance for the part of the month after the fire.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 860; Dec. Dig. § 213.*]

2. LANDLORD AND TENANT (§ 192*)—DESTRUCTION OF PREMISES—LIABILITY FOR RENT.

Such provision of the lease was not inconsistent with Laws 1860, p. 592, c. 345, providing that lessees shall not be liable for rent after destruction of the premises by fire, unless otherwise expressly provided by written agreement or contract.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 192.*]

Appeal from City Court of New York, Special Term.

Action by the Brunswick-Balke-Collender Company of New York against George C. Wallace. From a judgment sustaining defendant's demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

M. T. Corcoran, for appellant.

Richards & Heald (Frank Sowers, of counsel), for respondent.

GILDERSLEEVE, P. J. The complaint briefly stated, alleges, among other things, that plaintiff was lessee of defendant under a written lease, annexed to the complaint, which lease provided, among other things, that the rent should be paid monthly, in advance, on the 1st day of each month, and the lease also contained the following clause:

"That the tenant shall, in case of fire, give immediate notice thereof to the landlord, who shall thereupon cause the damage to be repaired forthwith; but, if the premises be so damaged that the landlord shall decide to rebuild, the term shall cease, and the accrued rent be paid up to the time of the fire."

The complaint further alleges that on January 1, 1908, plaintiff paid, in advance, the rent for January; that on January 10, 1908, the premises were destroyed by fire; that plaintiff gave due notice to the landlord of such fire; that the landlord decided to rebuild; and that, consequently, the term of the lease ceased on January 10, 1908. The plain-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

tiff, therefore, seeks to recover the January rent, except that portion of it that covers the first 10 days of said month. The defendant demurred, on the ground that the complaint does not state facts sufficient to constitute a cause of action, and the demurrer was sustained. Plaintiff appeals.

The statute (Laws 1860, p. 592, c. 345) provides that lessees of a building which, without their fault, is destroyed or rendered unfit for occupancy by fire, shall not be liable for rent after such destruction or damage, "unless otherwise expressly provided by written agreement or covenant," and may surrender possession of such premises. In the case at bar the rent was due, and had accrued, under the terms of the lease, on January 1, 1908, 10 days before the fire, and the lease provided that the accrued rent should be paid up to the time of the fire, as we have seen. While, under the circumstances shown, plaintiff was not liable for any rent accruing after the fire, it was liable for the rent that had already accrued up to that time; i. e., for the January rent, payable in advance on January 1, 1908. The above-mentioned provision of the lease is in no way inconsistent with the terms of the statute, but, on the contrary, is strictly in accordance therewith. As by the terms of the lease rent was to be paid in advance, the plaintiff came under an engagement to pay it on the day fixed, and it is not relieved from that engagement by the fact that the property was destroyed by fire 10 days thereafter. See Werner v. Padula, 49 App. Div. 135, 63 N. Y. Supp. 68, affirmed 167 N. Y. 611, 60 N. E. 1122.

Interlocutory judgment affirmed, with costs, and with leave to plaintiff to plead over within six days, upon payment of costs in this court and in the court below. All concur.