SAMUEL FINK and Another v. ANTON WEINHOLZER and Another.[1]

December 31, 1909.

Nos. 16,434—(128).

**Recovery of Rent Paid in Advance.**
> The plaintiffs were in possession of a building and the ground upon which it stood as tenants of the defendants under a lease for a term of years. The rent was $350 per month payable on the first secular day of each month. On December 4 they paid to the defendants $350, as rent in advance for the following January. Thereafter and on the same day the building was destroyed by fire without their fault or neglect. They then quit and surrendered the premises and brought this action to recover the $350 so advanced. *Held*, that the trial court correctly instructed the jury to return a verdict for the plaintiffs.

Action in the district court for Ramsey county to recover $700 rent paid in advance for the use of a certain building which was destroyed by fire. The substance of the pleadings is stated in the opinion. The case was tried before Bunn, J., who directed a verdict for $350 and submitted to the jury the merits of a counterclaim in the sum of $2,000. From an order denying defendants' motion

[1] Reported in 123 N. W. 931.

for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Thos. J. McDermott* and *Gideon S. Ives,* for appellants.

*Oscar F. Christiansen* and *C. D. & R. D. O'Brien,* for respondents.

START, C. J.

This action, in the nature of one for money had and received, was brought in the district court of the county of Ramsey. The plaintiffs, by direction of the court, had a verdict for $350, and the defendants appealed from an order denying their motion for judgment notwithstanding the verdict or for a new trial.

The allegations of the complaint are, so far as here material, to the effect: That on December 4, 1907, the plaintiffs advanced to the defendants $350 as rent for the month of January, 1908, which would be due on the first day of that month, of a building known as the Empire Theater, with only so much ground as it was located upon, which was then held by the plaintiffs under a lease for a term of years from the defendants; that the building was thereafter, and on or about the day named, destroyed by fire without fault or negligence on the part of the plaintiffs, by reason of which the building was rendered untenantable; and, further, that by reason of the fire the plaintiffs were unable to enjoy any benefit from the rent so advanced, and thereupon they demanded of the defendants its repayment to them, which was refused by them.

The answer admitted the receipt by the defendants of the $350 as rent in advance for the month of January, 1908, that a fire occurred in the building at the time stated in the complaint, and that the plaintiffs were then tenants thereof of the defendants under a lease. Other than this the answer denied the allegations of the complaint. The answer also alleged a counterclaim in the sum of $2,000 for personal property belonging to the defendants in the building which the plaintiffs converted to their own use.

The reply alleged that the plaintiffs were the owners of the personal property which was the basis of the alleged counterclaim.

The trial court at the close of the evidence directed a verdict for the plaintiffs for the $350 which was advanced on the rent, and sub-

mitted the merits of the counterclaim to the jury with the instruction that, if they found anything due to the defendants thereon, they should strike a balance between the amount thereof and the $350 and return a verdict for the party in whose favor they found such balance; but, if they found nothing due on the counterclaim, then the plaintiffs were entitled to a verdict for the full amount claimed.

The defendants urge: That the court erred in instructing the jury that the plaintiffs were entitled to recover the $350 advanced on the rent, for the reason that the complaint does not allege any surrender of the premises, nor is there any proof thereof; that there is no evidence that the fire occurred without the fault or neglect of the plaintiffs; and, further, that the rent was paid voluntarily without any contract, express or implied, to return the amount paid under any circumstances. The defendants in support of the first two objections rely upon the case of Roach v. Peterson, 47 Minn. 291, 50 N. W. 80, in which it was held that a lessee, to relieve himself from liability for future rent under Laws 1883, p. 128, c. 100 (R. L. 1905, § 3331), must surrender the leasehold premises and allege and show that the building was destroyed or injured without any fault or neglect on his part.

The complaint herein did not directly allege a surrender of the premises; but the undisputed evidence, which was received without objection, shows that there was substantially a total destruction of the building by fire which rendered it wholly untenantable, and that the plaintiffs were thereby forced to quit the premises, and that they have not since occupied them, and, further, that they commenced this action to recover the $350 advanced for the January rent within thirteen days after the fire. We are of the opinion that this evidence having been received without objection it is immaterial whether or not a surrender of the premises was formally alleged in the complaint, and that the record shows an election on the part of the plaintiffs to terminate the lease and surrender the premises. The complaint duly alleged that the building was destroyed without any fault or neglect on the part of the plaintiffs, and the undisputed evidence shows that it was destroyed by fire. The record, however, discloses no direct evidence as to the origin of the fire; but it does show that no claim

was made or suggested on the trial that the fire was the result of the fault or neglect of the plaintiffs. We are. of the opinion that the presumption against misconduct on the part of individuals applies to the special facts of this case, and that it appears prima facie from the record that the building was not destroyed by the fault or neglect of the plaintiffs.

It follows that this case is within the statute, and that the plaintiffs had the right to surrender the premises by reason of the destruction of the building, and that they did so, and that if they had not paid the rent for January before the fire they would not have been liable thereafter for it. The fact that the plaintiffs paid the rent before it was due and before the fire does not, as defendants claim, affect the right to recover it back in this action. In view of the facts of the case and the provisions of the statute applicable thereto, it seems clear that the money was advanced upon the implied condition that it should be applied in discharge of the January rent due, but by reason of the destruction of the building, the statute, and the surrender of the premises, the plaintiffs were relieved from all liability for the rent before it accrued. This left $350 in the hands of the defendants which equitably belonged to the plaintiffs, and an action for money had and received will lie therefor. Brand v. Williams, 29 Minn. 238, 13 N. W. 42.

The trial court properly instructed the jury that the plaintiffs were entitled to recover the $350.

The defendants' other assignments of error relate to the defendants' counterclaim and to the rulings of the court on the admission of evidence, which we have examined and find them to be without merit.

Order affirmed.

O'BRIEN, J., took no part.