EXALL et al. v. JOHNSON et al. (No. 2088.)

Court of Civil Appeals of Texas. El Paso. Dec. 15, 1927.

Rehearing Denied Jan. 12, 1928.

1. Landlord and tenant ⟸192(2) — Where lease provided for termination if lessor, after fire, deemed premises unfit for occupancy, subsequent repair of premises by lessor was immaterial.

Under lease providing for termination in case of fire, if lessor deemed premises so damaged as to be unfit for occupancy, lessee's liability for rent terminated when lessor deemed premises unfit, irrespective of whether lessor repaired building.

2. Evidence ⟸359(3)—Admission of photograph of premises destroyed by fire, objected to as secondary evidence, held not error, where photograph was identified.

In lessee's suit against lessor to recover deposit paid under lease contract after premises were destroyed by fire, admission of photograph of premises made immediately after fire was not error on ground that photograph was secondary evidence, where witness testified that he had photograph made, saw photographer make picture and operate camera, and testified to condition of premises and similarity to photograph.

Appeal from District Court, Dallas County; Towne Young, Judge.

Suit by Tom Peters against Mrs. Henry Exall and others, in which Henry Johnson intervened. Judgment for intervener, and defendants appeal. Affirmed.

Dabney, Goggans & Ritchie, of Dallas (R. A. Ritchie and Lewis M. Dabney, both of Dallas, of counsel), for appellants.

Slay, Simon & Smith, of Fort Worth (Ogden K. Shannon, Jr., of Fort Worth, of counsel), for appellee.

WALTHALL, J. Tom Peters filed this suit against Mrs. Henry Exall and others, appellants, to recover $1,400 paid by him to appellants under the provisions of a lease contract entered into between him and appellants on the 18th day of December, 1923.

On the above date appellants leased to Peters for a term of ten years, the east one-half of the ground floor of a two-story brick building known as No. 1506–B Elm street, in the city of Dallas, the lease term to begin on January 1, 1924. The premises were to be occupied by Peters as a shoe-shining, shoe-

repairing, tailoring, and hat-repairing establishment. The monthly rental payments were $650 for the first five years, and $750 per month for the last five years, of the rental period. In lieu of other security Peters deposited $1,400 with appellants, to be forfeited if the lease was not carried out according to its terms, and, should Peters carry out the terms of the lease, the $1,400 should be applied to the last two months of the ten-year rental period. The lease contained the following clause:

"Fifth. That the lessee shall, in case of fire, give immediate notice to the lessor, who shall thereupon cause the damage to be repaired forthwith; but if the premises be by the lessor deemed so damaged as to be unfit for occupancy, or if the lessor shall decide to rebuild or remodel the said building, the lease shall cease, and the rent be paid to the time of the fire."

Peters went into possession of the premises on the 1st of January, 1924, and paid the monthly rental for the months of January, February, and March. On the night of the 1st of April, 1924, a fire occurred on said premises. Plaintiff alleged:

"The building thereon occupied by plaintiff was destroyed by said fire; and that said building was so damaged as to be unfit for occupancy."

Plaintiff alleged demand for the return of the $1,400 and refusal to return said money. Appellants pleaded general denial; specially denied that the building was destroyed by fire or so damaged as to be unfit for occupancy. Henry Johnson, appellee, to whom Tom Peters had assigned his cause of action, intervened in the suit and adopted, in substance, the allegations in plaintiffs' petition.

The case was submitted to a jury on one special issue, viz:

"Do you find from a preponderance of the evidence in this case that the lessors in the lease to Tom Peters, involved in this cause, deemed the premises described in said lease to be so damaged by the fire which occurred on April 1, 1924, as to be unfit for occupancy? Answer yes or no." The jury answered, "Yes."

Other issues were submitted, but to be answered only in the event the issue above should be answered in the negative.

On the verdict of the jury judgment was entered for intervener.

### Opinion.

The first two propositions challenge the sufficiency of the evidence to sustain the finding of the jury on the issue submitted. We have made a careful review of the evidence, and, while the evidence is entirely circumstantial, we have concluded that it is sufficient to have justified the submission of the issue to the jury, and to sustain the finding.

---

⟸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It would serve no purpose to restate the evidence here.

[1] In view of the finding of the jury on one event or contingency, which, under the express provision of the lease contract, automatically terminates the lease, we deem it unnecessary to discuss the legal rights of the parties under the contract, as suggested under the third proposition asserting that, even if the evidence had shown that the premises were totally unfit for occupancy, such condition would not have given the lessee an option to cancel the lease, as the lessor repaired the building.

[2] The court admitted in evidence a photograph made of the premises immediately after the fire. Appellant objected to its introduction on the ground that it was not the best evidence of the condition of the premises after the fire. The photograph was introduced in connection with the evidence of the witness Harper, who was the tenant of the whole of the second floor of the premises involved here. The witness testified that he had the photograph of the premises made; that he saw the photographer make the picture; saw him operate the camera; said "the place looked as near like it is shown in the picture as it could be made." The witness testified at length as to the condition of the premises after the fire. We think it was not error to admit the picture. But aside from the above the picture was not admitted on any issue of fact submitted or requested to be submitted to the jury.

Finding no reversible error, the case is affirmed.