## SMITH v. J. WEINGARTEN, Inc., et al.

### No. 3368.

Court of Civil Appeals of Texas.
Beaumont.

Oct. 17, 1938.

Rehearing Denied Nov. 2, 1938.

Gill, Jones & Tyler, of Houston, for appellant.

Roy L. Arterbury, of Houston, for appellees.

WALKER, Chief Justice.

By written contract dated the 9th day of August, 1920, duly executed by appellant, Ed C. Smith, as lessor, and appellee J. Weingarten, Inc., a corporation, as lessee, appellant leased to appellee certain premises in the city of Houston for a period of ten years, beginning the 15th day of August, 1920. The total consideration recited in the contract was $126,000 payable in monthly installments in advance. Appellee was also to pay the ad valorem taxes assessed against the property and to keep it insured at its expense. We quote as follows from the contract—the numbering is ours:

(1) "The Lessee shall have the right to alter, change the re-partition and remodel the interior of said building so as to make the same more desirable for or convenient to the needs and purposes to which they may desire to put the same, provided that the Lessee shall, at the expiration of the lease, put the premises back in the same condition that they are in at the time possession hereof is delivered to it, unless the Lessor indicates that he desires it be not done."

(2) "In the event the buildings or improvements on said premises shall be totally destroyed by fire during the existence of this lease, then it is agreed that the rights of all parties hereunder shall be at an end, and the Lessor on the one hand being absolved from any further obligations to the Lessee hereunder, and the Lessee shall be

released from any further obligation to pay rent."

(3) "As a part of the consideration for the execution of this lease on the part of the Lessor, and to secure its performance in all its details on the part of the Lessee, the Lessee hereby has this day paid unto said E. C. Smith the sum of ($3000) three thousand dollars, being the first three months rental due and obligates themselves to pay the stipulated monthly rental every thirty days after delivery of premise, in this manner keeping their rent paid three months in advance in lieu of furnishing Lessor with a security bond."

The $3,000 named in sec. 3 of the contract was in fact paid. Appellee held possession of the premises and duly paid its rent, to the end of the original lease; on the expiration of the ten year period, the parties, from time to time, renewed in writing the original contract, except as to the amount of the monthly rental, which during the depression was reduced to $600 per month. Appellee continued in possession of the leased premises until the 15th day of June, 1936, when they were totally destroyed by fire. On the 7th day of June before the fire, this being the due date of the monthly rental, appellee paid appellant, as rent paid in advance, the sum of $600. On the date of the fire appellant had in his possession the $2,000 paid him on the 9th day of August, 1920.

After the fire on the theory that appellant was liable to it for the $2,000 originally paid to him on the 9th day of August, 1920, appellee demanded the return of this sum of money, and $450 of the $600 paid on the 7th day of June. Payment was refused by appellant. On the theory stated, appellee on the 6th day of August, 1936, instituted this suit praying for judgment against appellant for the sum of $2,450 with interest and costs of court. Appellant answered by pleas of limitation; and by special plea of the provisions of the contract quoted above; and by way of cross action that appellee had made certain changes in the premises, and in making these changes had removed fixtures from the building of the value of $5,000, which, under the terms of the contract, it was bound to return to appellant.

The trial was to a jury but on the conclusion of the evidence the court withdrew the case from the jury and rendered judgment in favor of appellee against appellant for the $2,450 sued for, with interest, and against appellant on its cross action. From the judgment appellant duly prosecuted its appeal to the Galveston Court of Civil Appeals; the case is on the docket of this court by order of transfer by the Supreme Court.

## Opinion.

It is our conclusion that the $2,000 paid by appellee to appellant and retained by him, on the date of the execution of the original contract, was paid as "advance rent." This conclusion denies appellee's contention that the $2,000 was deposited with appellant only as "security" for the enforcement of the contract in lieu of a bond, and that it was in no sense "advance rent." By the express terms of the contract the rent was paid in advance for two months; this payment by the express language of the contract was dominated "advance rent." The language of the contract brought forward by appellee—"in lieu of furnishing a bond"—was used simply in explanation of the advance payment of the rent; it explained why the rent was paid in advance. On this conclusion appellant had in his hands on the date of the fire $2,450 "advance rent."

We overrule appellant's contention that appellee's cause of action, if any it had, was barred by the statutes of limitation; as to the $450 claimed as advance rent, it was paid to appellant only about two months prior to the institution of this suit. As to the $2,000 paid on the execution of the original contract, on the terms of the original contract, renewed in writing from year to year, appellee's cause of action for its recovery—if any it had—matured only on the expiration of the contract, caused by the fire which totally destroyed the property.

But under our general jurisprudence appellant had no cause of action for the return of the advance rent. In Tarkovsky v. George H. Hess Co., 64 Ill.App. 513, the lease contract in issue contained the following provisions:

"Upon the destruction of said premises by fire, the term hereby created shall cease and determine."

The leased premises were totally destroyed by fire, and the action was to recover a part of the month's rent which had been paid in advance under the terms of the lease. Holding that such rent could not be recovered, the court said:

"Can a proportionate part of such payment be recovered back? We think not.

The contract of the parties ought to govern. They provided by their agreement how the rent should be paid, but did not agree that the rent should be abated for any part of the term for which it should be paid in case the premises should be destroyed. Their only agreement with reference to the destruction of the premises was that the lease should thereupon terminate, and, impliedly, that no more rent should accrue. * * * But as to rent previously paid they made no provision, and we do no feel called upon to make one for them. As we view the case, the risk of the lease being terminated before the time expired for which rent was paid, was upon the party paying. That was in effect what his contract was when he agreed to pay in advance."

In the lease in issue before us there was no provision for the return of the "advance rent" in the event the premises were destroyed by fire. Except where modified by statute or controlled by the provisions of the contract, the authorities generally hold that the lessee, on destruction of the premises, cannot recover the advance rent. Louise Harvey et al. v. Edward Weisbaum et al., 159 Cal. 265, 113 P. 656, 33 L.R.A., N.S., 540, Ann.Cas.1912B, 1115; Ainsworth v. Ritt, 38 Cal. 89; Werner v. Padula, 49 App.Div. 135, 63 N.Y.S. 68; Felix v. Griffiths, 56 Ohio St. 39, 45 N.E. 1092; Cross v. Button, 4 Wis. 468; Copeland v. Goldsmith, 100 Wis. 436, 76 N.W. 358; Lieberthal v. Montgomery, 121 Mich. 369, 80 N.W. 115; Chamberlain v. Godfrey's Adm'r, 50 Ala. 530; Stautz v. Protzman, 84 Ill.App. 434; Brunswick-Balke-Collender Co. v. Wallace, 65 Misc. 27, 119 N.Y.S. 287; Pulver v. Williams, 3 U.C.C.P. 56; Cornock v. Dodds, 32 U.C.Q.B. 625; Ann.Cas. 1912B, p. 1117; Meek v. Cunha, 8 Cal.App. 98, 96 P. 107; Ann.Cas.1913A, p. 1098.

Appellee cites as controlling Porter v. Tull, 6 Wash. 408, 33 P. 965, 22 L.R.A. 613, 36 Am.St.Rep. 172. In criticizing that case in Harvey v. Weisbaum, supra, 113 P. 658, the court said:

"The only case cited which appears to be directly in point, holding the contrary rule, is Porter v. Tull, 6 Wash. 408, 33 P. 965, 22 L.R.A. 613, 36 Am.St.Rep. 172. The reasoning of that case, however, is not convincing, and the opinion states that the court has not been cited to any adjudicated cases on the question. The cases to which we have referred, and which have been cited herein, evidently were not called to the attention of the court."

Exall v. Johnson, Tex.Civ.App., 1 S.W.2d 906, the only Texas case cited to us, is clearly distinguishable from the facts of this case by the express language of its lease contract; under the language of that contract, the issue involved in the case at bar was not before the court in the Exall Case. Carley v. Liberty Hat Manufacturing Company, 81 N.J.L. 502, 79 A. 447, 33 L.R.A.,N.S., 545, and Fink v. Weinholzer, 109 Minn. 381, 123 N.W. 931, cited by appellee, are controlled by the statutes. Stockman v. Allen, 160 Mo.App. 229, 142 S.W. 744, Ware v. Hobbs, 222 Mass. 327, 110 N.E. 963, L.R.A.1916F, 276, and Ward v. Bull, 1 Fla. 271, also cited by appellee, are controlled by the language of the contracts in issue.

■ The court did not err in refusing to render judgment for appellant for the value of the fixtures removed from the leased premises; appellee's liability in that respect was controlled by the following paragraph of the contract:

"In the event the buildings or improvements on said premises shall be totally destroyed by fire during the existence of this lease, then it is agreed that the rights of all parties hereunder shall be at an end, and the Lessor on the one hand being absolved from any further obligations to the Lessee hereunder, and the Lessee shall be released from any further obligation to pay rent."

It follows that the judgment of the lower court should be in part affirmed, and in part reversed and rendered in favor of appellant, and it is accordingly so ordered.

Affirmed in part and in part reversed and rendered.

## On Rehearing.

■ We have given careful consideration to appellees' motion for rehearing, and to their contention that the rent in issue was not paid by appellees and received by appellant as "advance rent." Appellees' propositions on this issue are overruled. The $2,000 was rent; was paid in advance as rent; was retained by appellant through the whole life of the contract as rent. That it was paid and retained in lieu of a bond is immaterial on the legal point involved. This fact constitutes nothing more than an explanation of why the rent was paid in advance, and why appellant retained it as "advance rent." Appellees criticize most severely the rule of common law, invoked by appellant and enforced by our judgment.

The common law is the law of this State, except where abrogated or changed by legislative enactment. The Legislature has not modified the common law as it relates to "advance rent," and the courts have no power to abrogate it by judicial decree.

All motions for rehearing filed in this cause are overruled.