NIEDELET, Respondent, *vs.* WALES *et al.*, Appellants.

1. It is no defence to an action for rent under an express covenant, that a rise in the river rendered a part of the leasehold premises untenantable. When the defendant files an offset for damages sustained by such a rise, it is properly stricken out, on motion.

*Appeal from St. Louis Court of Common Pleas.*

*Knox & Kellogg*, for appellants, contended :

1. That the motion to strike out should have been overruled. If the answer was no defence, the objection should have been taken either by demurrer or by motion for judgment for want of answer. *Laws of* 1849, p. 80, sec. 9.

2. That the defendants should have been allowed the loss sustained by them, in consequence of the untenantable condition of the premises. *Chitty on Contracts*, 7th Am. ed. p. 338, and cases there cited.

*Henry N. Hart*, for respondent, contended, that the offset was properly stricken out. The covenant to pay rent was absolute. No exception is made in the lease for a rise in the river, and therefore, the defendant cannot escape from his liability. *Linn* v. *Ross*, 10 Ohio, 412. *Fowler* v. *Bott*, 6 Mass. 67. *Phillips* v. *Stevens*, 16 Mass. 238. 3 Kent, 465–7. *Redding* v. *Hall*, 1 Bibb, 536. 12 Mo. 209. *Sutton* v. *Temple*, 12 Mees. & Wels. 52.

GAMBLE, Judge, delivered the opinion of the court.

Niedelet leased to the defendant a warehouse, on Water street, in St. Louis, for three years from the 16th of February, 1850, the rent payable monthly, under an express covenant. He sued them for the rent due in June, July and August of that year. They answered, that the premises, during the months of May, June and July, became untenantable, by reason of water filling the cellar and first story of the house, and by reason of deposits of sand, mud and filth, by which they were put to great trouble and expense in removing their goods and restoring the premises to a tenantable condition, of which expense they fur-

nished a bill of items, and claim the amount of the plaintiff as a set-off.

A motion was made to strike out the answer, which was sustained, and judgment given for the plaintiff. The defendants appeal to this court, and ask the reversal of the judgment, chiefly on the ground that their answer was disposed of by a proceeding too summary, being by motion, instead of by demurrer.

1. The whole defence in this answer runs back to some accident, such as an overflow of the river, which occurred during the term, by which the premises were rendered untenantable for a short period, and by which the tenant was subjected to loss and expense. It is true, that the form in which the defence is set up, is by way of offset, but that will not prevent an examination of the case, out of which the alleged offset grows. When that case is examined, it is not in itself a defence, nor are the consequences stated in the answer any defence, although called a set-off. If there was any appearance of a defence in the answer, as a set-off, it might be proper that the objection should be considered in a more solemn form, than upon a motion to strike out the answer. But this is not a matter of much importance to a defendant, for either proceeding produces the same result, and the court would give leave to amend the answer, if such leave was proper, as readily in one proceeding as the other.

Let the judgment be affirmed.