[No. 1558, June 20, 1913.]

F. M. DEAL, Appellee, v. WESTERN CLAY & GYPSUM PRODUCTS CO., Appellant.

SYLLABUS (BY THE COURT)

1. Where an appellant fails to file briefs within the time limited by subdivision 4 of rule XIII, the order of dismissal or affirmance goes as a matter of course, upon motion of the appellee, and no notice need be given the appellant, or his attorney.

P. 71

2. A cause affirmed, upon motion of appellee, for failure of appellant to file and serve briefs within the time required by rule of court XIII, will not be reinstated upon the docket

and the affirmance vacated, where the only showing made excusing such default and failure to apply for an extension of time within which to file briefs was, that appellant's local attorney in this state sent the brief to its general counsel for examination and approval. Appellant should have applied for an extension of time, within the time limit for filing briefs, when it became apparent that it would not be able to comply with the rule.

P. 72

Appeal from District Court, Lincoln County; Edward L. Medler, District Judge; motion denied.

### OPINION OF THE COURT.

ROBERTS, C. J.—The transcript in this case was filed in the clerk's office March 1, 1913. On April 14, thereafter, appellee filed a motion to affirm the judgment of the trial court, because of appellant's failure to file briefs within thirty days after filing the transcript, as required by subdivision 4 of Rule XIII of this court. It appearing from the record of the case in this court that appellant had not filed his brief within the time limited, and had failed to apply for or receive an extension of time for such purpose. The court sustained appellee's motion and affirmed the case. Thereafter, appellant moved the court to set aside and vacate the order of affirmance and reinstate the cause upon the docket. The grounds upon which it relies in the motion may be stated briefly as follows: (1) That its attorney was not served with a copy of the motion for affirmance, and (2) that the delay in filing the brief was occasioned by its local attorney at Carrizozo sending to its general attorney at Des Moines, Iowa, copies of the brief prepared in the cause, for examination, and that the delay was caused thereby.

Neither ground stated in the motion is well taken. In the case of Hilliard v. Insurance Co., decided at the present term of this court, and not yet reported, we held that no notice of a motion to dismiss a cause for failure to file briefs need be given. We say:

"Where a party is in default, the order of dismissal goes

'as a matter of course, upon motion of the other party. It is somewhat in the nature of a default judgment, and no notice need be given to the party in default."

The case cited supra is also decisive of the insufficiency of the second ground relied upon. The facts set forth do not justify the failure on the part of appellant to apply for an extension of time within which to file its briefs. No such application was made.

The motion will be denied, and it is so ordered.