(No. 1646, August 8, 1914)

## JAMES W. NORMENT, Appellee, vs. M. MANDELL, Treasurer, etc., Appellant.

### SYLLABUS BY THE COURT.

1. The facts that the Attorney General's office was in the sole charge of one of his assistants, owing to the enforced absence of the Attorney General and the other of his assistants, and that the office was overwhelmed with business, and that, owing to such circumstances, the Assistant Attorney General, in charge of the office, by inadvertence and oversight, failed to file assignments of error in time, do not amount to "good cause" for failure to file said assignments, within the terms of Section 21, Chapter 57, Laws 1909. Hubbell vs. Armijo, 133 Pac. 978, followed.

P. 321

2. Reliance upon an oral agreement with opposite counsel to the effect that additional time, if required, to perfect an appeal would be granted, which agreement is denied by opposite counsel is not good cause for failure to file assignments of error in time.

P. 320

3. The practice of rendering pro forma judgments in District Courts is condemned.

P. 321

Appeal from District Court, Bernalillo County; Herbert F. Raynolds, Presiding Judge. Affirmed and Appeal Dismissed.

RENEHAN & WRIGHT, for Appellee.

Brief on Motion to Dismiss and Affirm.

Decree From Which Appeal is Taken is Anomalous. 2 Cyc. 62; 46 Mich. 140; Black's Law Dict.; Cent. Di-

gest, Vol. 4; 5 Enc. Pl. & Pr. 594; 10 Cyc. 473; 88 Md. 204; 2 Lee 204; 19 Vt. 9; 3 Sarg. & R. 91; 11 Sarg. & R. 353; 84 N. C. 132; 2 Fla. 605; 34 Ill. 344; 14 Peters 524; 77 Me. 224.

Assignments of Error Jurisdictional. Elliott App. Proc. Secs. 300, 128, 524; Sec. 20, Chap. 57, S. L. 1907; 28 Ill. 43; 1 Ohio St. 388; 82 S. W. 882; 15 How. Pr. 33; 10 Ind. 24; 39 Md. 520; 24 Nev. 308; 28 Ala. 454.

## OPINION.

PARKER, J.—This case involves the important public question as to whether property which has been sold for taxes for a given year, and the proceeding has culminated in a tax deed by the proper officer conveying it to the purchaser, the same becomes discharged of all tax liens for years prior to the one for which it was sold, and for the years subsequent to the year for which it was sold down to the date of the tax deed. Unfortunately, we will be unable to decide the question, owing to the condition of the record.

An injunction against the collector and treasurer was awarded, restraining him from selling or offering for sale any of the tax certificates for any of the years mentioned, and he appealed to this court.

On January 20, 1914, appellee filed his motion for dismissal of the appeal and affirmance of the judgment for want of assignment of error, under the provisions of Section 21, Chapter 57, Laws 1907. On January 22nd, 1914, assignments of error were filed, and on January 23, 1914, a motion to strike the same from the files was made by appellant.

The Statute Provides:

"In default of such assignment of error and filing the same the appeal or writ of error may be dismissed and the judgment affirmed, unless good cause for failure be shown."

Appellant attempts to show "good cause" for failure to assign error within the time allowed by law, upon two grounds.

The Attorney General's office files an affidavit that, owing to great press of business, and the compulsory absence from his office of the Attorney General and one of his assistants, the one remaining of his assistants, by inadvertence and oversight, failed to file the assignments in time. This certainly presents a strong appeal to the court. If the result in this case would establish a principle which would be antagonistic to the interests of the State, we might feel constrained to relax a rule, in behalf of the State, which we have established on the subject, viz: that the fact that the attorney of a party is busily engaged in other matters does not constitute good cause for failure to file assignments of error in time. Hubbell vs. Armijo, 133 Pac. 978; 18 N. M. 68. But the result in this case will not touch the merits of the controversy; it will simply decide this case upon a matter of procedure. We must, therefore, decline to depart from our rule as above stated.

Appellant attempts to show good cause for failure to assign error by reason of an alleged oral stipulation or agreement between the district attorney and counsel for appellee. The district attorney makes affidavit that he had an oral understanding with opposite counsel that if he required more than the statutory time within which to perfect an appeal, they would grant the same. We have every reason to believe in the sincerity of the district attorney. His reputation and standing is such as to compel us to believe that he understood that he had such an agreement.

Counsel for appellee, and appellee, however, make affidavit that they had an oral understanding with the district attorney to the effect that they would waive any notice or time to which they might be entitled, so that an early hearing of the case might be had in this court. In other words, they say they agreed to things which would expedite the hearing of the case, not to things which would delay the hearing. We likewise cannot doubt the sincerity of counsel for appellee.

We have then a case where counsel who has defaulted in relying upon an oral agreement to excuse his default, which oral agreement was never understood alike by the parties to it. The question is as to who must suffer by

reason of the misunderstanding. We think the person in default, and who is relying upon an oral agreement, must suffer. He had, in the first place, no right to rely upon word of mouth, and to entrust such an important matter to the memory of himself and others. More friends have been lost among the members of the profession in this way than in all others combined, and the rights and interests of clients ought not to be jeopardized by entrusting them to the uncertainties of human memory. It is almost an act of negligence on the part of counsel to do so.

We, therefore hold, that the State has failed to show good cause for its default in this particular.

The judgment in this case contained the following recital: "and the plaintiff and defendant by their respective attorneys having consented and stipulated that the trial judge should pass upon the question raised by the demurrer, pro forma, to the end that a speedy determination of the questions involved herein may be had in the Supreme Court of the State of New Mexico; it is therefore, ordered, adjudged and decreed", etc.

We desire to put our stamp of disapproval upon this character of proceeding. Aside from the question as to whether this judgment is not a consent judgment of such a character as to deprive this court of jurisdiction to consider it, which question we do not decide, it is certainly not the mature decision and judgment of the district court. This court is a court of review, and should not be called upon to decide questions which have not, in fact, been decided in the court below.

It follows that the motion to strike from the files the assignments of error, and the motion to dismiss the appeal and affirm the judgment below should be granted, and, IT IS SO ORDERED.