[No. 1821, December 14, 1915.]

## WATTERS v. TREASURE MINING CO. et al.

### SYLLABUS BY THE COURT.

1. Where parties have separate rights and interests under a decree, and unless joinder is essential to the jurisdiction of the appellate court, the nonjoinder of parties, either as appellants or plaintiffs in error, or as appellees or defendants in error, will generally have no further effect than to preclude any investigation or adjudication which will affect the rights of the parties not joined. The provisions of our statute (sections 4473-4476. Code 1915) contain no requirement to the effect that all parties to the proceeding in the court below shall be brought into this court, in order that this court may acquire jurisdiction of the cause.

P. 279

2. Where necessary parties appellant, under the provisions of section 4476, Code 1915, have applied to become parties appellant, a motion to dismiss the appeal for want of proper parties, although filed prior to such application of said additional parties, will be denied.            P. 280

3. The ignorance or negligence of counsel is not a sufficient excuse for failure to have citation issued to proper or necessary parties on appeal.            P. 283

4. The signing as surety of appellant's supersedeas bond by a proper or even necessary party appellee does not require the quashing of such bond and supersedeas as insufficient. The only effect of such act is to prevent such appellee from enforcing the decree in his favor, pending the appeal.

'P. 284

5. This court has power to require additional and sufficient supersedeas bond, to protect an appellee against loss, pending the appeal.                                            P. 285

Appeal from District Court, Socorro County; M. C. Mechem, Judge.

Action by Thomas E. Watters, as trustee, against the Treasure Mining Company and others. From judgment for plaintiff, defendants appeal. Motion to dismiss appeal and quash supersedeas denied, application to be made parties appellant allowed, and motion for leave to have citation served on absent lien claimants denied.

BARNES & ROYALL of Silver City and MANN & NICHOLAS of Albuquerque, for appellants.

The persons not made parties were drawn into this litigation only incidentally. Those parties were omitted by inadvertence.

The statute does not require that copy of assignments of error be served on or before the return day.

Sec. 4490, Code 1915.

The rule of joinder of parties on appeal is now governed by sections 4473, 4474, 4475, 4476, 4482, 4176.

Canavan v. Canavan, 17 N. M. 503; N. M. & S. P. R. R. Co. v. Madden, 34 Pac. 50; Neher v. Armijo, 54 Pac. (N. M.) 236; Mogollon G. & C. Co. v. Stout, 14 N. M. 245; Brown & Manzanares v. Guise, 14 N. M. 282; sec. 4158.

While the court may have power to provide against loss to litigants, if the bond is insufficient a new or additional bond should be ordered filed, and the remedy is not by way of motion to vacate the bond.

Sec. 4485, Code 1915; Bock v. Sauk-Center Grocery Co., 9 L. R. A. (N. S.) 1054, and cases cited; Wedding v. Myler, 66 L. R. A. 833 (192 U. S. 573); Furguson v. Dent, 29 Fed. 1.

JAMES G. FITCH of Socorro, for appellees.

Two sureties at least are required on a supersedeas bond.

Van Wezel v. Van Wezel, 3 Paige (N. Y.) 37; No. Am. Coal Co. v. Dyet, 4 Paige (N. Y.) 273; Harris v. Regester, (Md.) 16 Atl. 386; Rheem v. Nagatuck Co., 33 Pa. St.; Beebe v. Young, 13 Miss. 221; sec. 4485, Code 1915.

The fact that Root owned no property in New Mexico disqualified him as a bondsman.

Poynz v. Reynolds, 37 Fla. 533, 19 So. 649.

Herrman, being a defendant in this case, was disqualified as a bondsman on bond furnished by appellant.

Haverley v. Daly, 112 Ga. 822, 38 S. E. 41; Smith v. Beard, 21 Wash. 204, 57 Pac. 796; David v. Guich, 30 Wash. 266, 70 Pac. 497; Bowman v. Kaufman, 30 La. Ann. 1021; Dumas v. Mary, 29 La. Ann. 809; Bower v. Lochte, 30 La. Ann. 685; Barrow v. Clack, 45 La. Ann. 478, 12 So. 631; Pearce v. Haas, 122 La. Ann. 376, 47 So. 687.

Failure to file sufficient bond results in failure to stay execution.

Mundy v. Irwin, 141 Pac. (N. M.) 877.

As to setting aside supersedeas in appellate court, see Elliott on App. Pro., secs. 399, 400.

Where motion to dismiss or affirm has been filed before default has been cured, the default cannot thereafter be cured in the absence of good cause shown.

Hubbell v. Armijo, 18 N. M. 68; Deal v. W. C. & C. Products Co., 18 N. M. 70; Hilliard v. Insurance Co., 17 N. M. 664; Acequia Madre v. Meyer, 17 N. M. 676; Lund v. Gilbert, 17 N. M. 265; G-L Hat Co. v. Bank, 17 N. M. 233; Price v. Toti, 16 N. M. 1; Sarcamento Irrigation Co. v. Lee, 15 N. M. 567; Martin v. Terry, 6 N. M. 491; Lamy v. Lamy, 4 N. M. 29.

## OPINION OF THE COURT.

PARKER, J.—The plaintiff below, appellee here, has moved to dismiss the appeal for nonjoinder of necessary parties, both as appellants and appellees. It is pointed out in the motion that the transcript shows that two defendants and three other defendants, as copartners, appeared in the cause, and filed their answers, setting forth and claiming liens upon the mortgaged property, and were, by the findings and judgment of the district court from which this appeal is taken, adjudged and decreed to have liens upon the mortgaged property, two of them prior and superior to the rights of appellee, and one concurrent with him, and all superior to the other defendants; that said mortgaged property was decreed to be sold to satisfy their said liens, as well as the lien of appellee herein, and provided, of course, for the cutting off of the equity of redemption of the appellants and said other defendants; that two other of the defendants appeared and filed a joint answer with appellant in the court below, and thereby attempted to set up a common defense to appellee's complaint, and also alleged certain interests in said mortgaged property, and defended said suit jointly with appellant; and that the decree of foreclosure was equally against the last-named defendants and appellant; that still another defendant appeared in the suit in the lower court; and that the decree was equally against him and the appellant.

It appears from the foregoing brief statement of the contents of the motion, and from the record, that the main controversy was between the appellant and appellee on the question as to the amount due under the mortgage. Appellant claimed that only $57,000 of the par value of the bonds of appellant had ever been issued, and that $193,000 par value of said bonds was still the property of the appellant. The appellee claimed that the whole issue of $250,000 of the par value of said bonds had been issued. Upon this issue the court found with the appellee, and decreed a foreclosure, as before seen. Two of the defendants were adjudged to have prior liens to that of the mortgagee for certain specified amounts, and one of

the defendants was adjudged to have a lien of equal rank with that of the mortgagee. Two others of the defendants claimed to own some portion of the property covered by the mortgage, and the court held against them in the decree. Another defendant made a similar claim and was likewise unsuccessful.

[1] As to the three lien claimants who are not before the court, and who are not complaining of the decree, we can see no necessity to join them, either as appellants or appellees. An affirmance of the decree will leave them just where they now are, and a reversal of the same as to the appellant would not only not injure them, but would benefit them, in that, if the mortgage debt shall be reduced from $250,000 to $57,000, their liens will certainly be more surely secured by the property. Just such a case was before the Supreme Court of Oregon in Watson v. Noonday Mining Co., 37 Or. 287, 55 Pac. 867, 58 Pac. 36, 60 Pac. 994, and it was there held that where there are two lien claimants having separate liens upon the same property, that an appeal might be taken as to one of them without joining the other as a party to the proceeding.

In this connection it is to be noted that where parties have separate rights and interests, and unless joinder is essential to the jurisdiction of the appellate court, the nonjoinder of parties, either as appellants or plaintiffs in error, or as appellees, will generally have no further effect than to preclude any investigation or adjudication which will affect the rights of the parties not joined. 3 C. J. p. 1034, § 1017. We do not find that the joinder of the three lien claimants as appellees is necessary to the jurisdiction of this court upon this appeal. The provisions of our statutes (sections 4473-4476, Code 1915) contain no requirement to the effect that all parties to the proceeding in the court below shall be brought into this court in order that this court may acquire jurisdiction of the cause. The effect of an appeal by the defendant mortgagor without joining the three lien claimants is to preclude the mortgagor from presenting to this court any

question concerning the rights of these lien claimants. The mortgagee over whose claim two of the lien claimants were declared to ·have superior liens, and one was declared to have a concurrent lien, is not in a position to question the decree, he having taken no cross-appeal. As between themselves, the three lien claimants will be assumed to be satisfied with the decree, because had any of them been dissatisfied, it would have been incumbent upon them to either join with the appellant or sue out a cross-appeal.

[2] As to the three remaining defendants, a different proposition is presented. It appears from the answer that the defendant mortgagor sold and delivered to the W.·H. McCrum Investment Company of Kansas City, Mo., at 65 per cent. of their par value, $193,000 of the first mortgage bonds, secured by the trust deed held by the plaintiff. ·This consumed the entire authorized issue. It is alleged that said sale ·was made in trust, subject to a condition, as a part of the consideration for said sale, that said investment company should market and sell the bonds of the Clear ·Creek Power Company in such time and manner as to raise·;enough money to pay off the entire bond issue of the defendant mortgagor; that it was a part of the contract that the defendant mortgagor should convey to the defendant the Clear Creek Power Company all of its ·power rights upon the water power which it owned, and that one R. T. Root was likewise to convey to said Clear Creek Power Company all of his water rights on the same stream: that such conveyance was made by the defendant mortgagor; that afterwards the defendant the Glendale Power Company was organized, having a capitalization of $650,000 and an authorized bond issue of the same amount, and took over all of the water rights, power plant, and . pipe line thereunto appurtenant owned by the defendant. mortgagor, as in said contract provided; that the defendant the Clear Creek Power Company acquired all of the water rights. owned by one R. T.· Root on the same stream, and did also authorize an issue of $650,000 of its first :.nortgage bonds; that all of said doings were with the knowledge and consent of the said W. H. McCrum Investment

Company, and as a full compliance with the terms of said agreement; that the two power companies executed a deed of trust to the remaining defendant, Tyson S. Dines, as trustee, securing the payment of the said bond issue of the Glendale Power Company, by pledging all of the properties of the said two water companies, all with the knowledge and consent of all of the parties; that said bonds were then offered to the said W. H. McCrum Investment Company, and by that last-named company accepted for sale, but that the said W. H. McCrum Investment Company and W. H. McCrum, Theodore Gary, and A. A. Godard, who became the owners of the $193,000 bond issue, unlawfully conspired together to defraud the defendant mortgagor and to cause it to sacrifice its bonds so sold and its said property, and wrongfully failed and refused to sell the said bond issue of $650,000, or any part thereof, and notified the defendant mortgagor and the defendant the Clear Creek Power Company that said W. H. McCrum Investment Company would make no attempt to sell said bonds, or any part thereof, and thereafter fraudulently demanded of the defendant mortgagor the payment of the said $193,000 of said bonds, together with interest and, upon default, did fraudulently institute this suit for the foreclosure of defendant mortgagor's trust deed. A reply was filed by the plaintiff, denying each and every allegation of the answer. On the hearing as to the Clear Creek Power Company, which, as before seen, acquired no water rights from the defendant mortgagor, the controversy was simply as to the extent of the holdings of the defendant mortgagor. If the defendant mortgagor owned a right to the use of all of the water in the stream, then the Clear Creek Power Company acquired nothing by its conveyance from R. T. Root. The court found against the latter defendant, at least that its rights, if it had any, were inferior to those of the defendant mortgagor.

As to the defendant the Glendale Power Company, the question was whether, under the circumstances, the defendant mortgagor had power to convey away the portion

of its property represented by water rights and pipe lines, and the court held that it had no such power, and that the rights of the Glendale Power Company, if it had any, were inferior to those of the plaintiff under the trust deed of the defendant mortgagor. Both of these power companies were thus deprived of a claimed property right by the decree. As to the principal defendant, the mortgagor, the question was as to the right of the bondholders to claim default and foreclosure, under the circumstances. It was not interested in the sense that it had a property right in anything claimed by the two power companies, except that, if its conveyance to the Glendale Power Company was held to be unavailing, it might have some interest in the equity of redemption in the property so conveyed by it.

It thus appears that these three defendant corporations have an interest in the reversal of the decree, but for different reasons in each case. The question then is: Assuming that the two power companies, and of course their trustee, Dines, are necessary parties appellant, whether the motion of plaintiff to dismiss the appeal for their failure to join shall be granted. The matter is entirely controlled by statute in this jurisdiction, and for that reason it is unnecessary to discuss the general principles governing the matter in the absence of statute. By section 4476, Code 1915, it is provided that:

"Any person who ought to join in a writ of error or appeal may be permitted to do so on his application, on such terms as the court shall impose, and the writ and proceedings shall be amended by inserting his name and shall proceed as in other cases."

The motion to dismiss the appeal was filed July 12, 1915, and on August 9, 1915, the defendants the Clear Creek Power Company, the Glendale Power Company, and Tyson S. Dines, as trustee, filed their application to be made parties appellant in the cause. This was clearly a sufficient compliance with the terms of the statute, and authorizes the entry into this case as appellants of these parties. This statute was adopted from Missouri, and is

in the identical language there employed. In State v. Mining Co., 169 Mo. App. 79, 154 S. W. 168, just such a proposition was before the court, and it was there held that this section of the statute controlled the matter, and prevented a dismissal of the cause for want of necessary parties appellant.

[3] On July 6th, application was filed in this court for leave to have citation issued to the plaintiff, appellee, citation not having been issued at the time of the taking out of the appeal by oversight and inadvertence. This application was allowed, and citation was issued and served. In said application no mention was made of the defendants having lien claims upon the property, but the application was confined to process against the plaintiff. On July 12th, the motion to dismiss the appeal was filed for want of necessary parties, both appellant and appellee. It thus appears that advantage was taken of the failure to have process against the lien claimant defendants issued and served before any application for such process had been made in this court. The failure to have such process issued at the time the appeal was taken is, of course, waived by the plaintiff, he having appeared generally in the cause. No such appearances have been filed in behalf of the lien claimant defendants, and the failure to have them served with process was due to the negligence or ignorance of counsel. In view of what has been heretofore said, to the effect that these lien claimant defendants are not necessary parties to this appeal, this matter becomes of no importance in the case, but, even if they were necessary parties, we do not deem the showing made by counsel for the appellant to be a showing of good cause for failure to have such process issued. We have repeatedly held that negligence of attorneys is not sufficient excuse for a default of this character, when advantage is taken of such default before the defect has been cured. See Deal v. Western Clay & Gypsum Products Co., 18 N. M. 70, 133 Pac. 974; Norment v. Mandell, Treasurer, 19 N. M. 318, 142 Pac. 926; Hilliard v. Insurance Co., 17 N. M. 664, 132 Pac. 249.

[4]    Motion was also filed in the cause to vacate and set aside the approval by the clerk of the district court of the bond of supersedeas filed by the appellant, and to vacate such supersedeas.    The motion was based upon the fact that one Harry Herman was a defendant in the cause, and is, and was at the time of the execution of said bond, a necessary party to the appeal herein, he being one of the lien claimants whose lien was established as before seen.    It is argued therefrom that, he being a necessary party, he could not become a surety for the appellant. The motion is further based upon the fact that Walter W. Root, the other surety of the appellant, is a nonresident of the state, and was not the owner of sufficient property to enable him to become a surety on said bond.    Affidavits are submitted showing that the said Root was the holder of the legal title of a piece of mining property which was of little or no value, and owned no other property in the state.

As to the surety Herman, who was one of the lien claimants declared by the decree to have a prior lien on the property to that of plaintiff, and, as a partner with two others, to have a concurrent lien with the plaintiff, the plaintiff's position is untenable.    Assuming, as is erroneously argued, that Herman is a necessary party appellee to this appeal, his act in joining with the appellant and signing its supersedeas bond amounts to a waiver on his part of his right to have the decree enforced at this time.    Of this the plaintiff cannot complain.    As to the other lien claimants who are sought to be prevented by the supersedeas from an enforcement of the decree in their favor, it is sufficient to say that the plaintiff is not authorized to speak for them, and is not concerned in the preservation of their rights.    When they shall complain that their rights have been infringed will be time enough to inquire as to the qualification of said Herman as a surety and the other matters suggested in the brief.

In this connection, we assume that the lien claimant defendants have the right to voluntarily appear in this case at this time, and present to the court the fact that

there is no supersedeas bond in this case running to them, and that for that reason they are entitled to have the supersedeas quashed by this court. Should they do so, an entirely different question will be presented, but until that time the plaintiff appellee has suffered no injury by the superseding of the judgment, providing he has a good supersedeas bond.

[5] As to the surety Root, the showing made by affidavits strongly tends to establish his lack of financial responsibility. His sole asset appears to be some mining claims, some, or all of which, have been relocated by other parties. Of course these relocations may have been made without right, and the property may ultimately be restored to him, and may be of great value. But the plaintiff appellee ought not to be compelled to take such risks of loss as the situation entails. We will hear an application by plaintiff appellee for a sufficient supersedeas bond. That we have such power, see 2 R. C. L., p. 124, § 98, and cases cited.

The motion to dismiss the appeal and quash the supersedeas will be denied, and the application of the three parties to be made parties appellants will be allowed upon the conditions hereinafter stated, and the motion for leave to have citation served upon the absent lien claimants will be denied.

It appearing that the nonjoinder of the three parties as appellants has entailed upon the plaintiff below the unnecessary expense of having counsel attend upon this court to present the matters herein mentioned, they will be allowed to appear and join as appellants herein upon the payment into the registry of this court, for the use and benefit of the plaintiff appellee, of the sum of $500 in 20 days after notice of this order, and in default thereof their said application will be denied; and it is so ordered.

HANNA, J., concurs.

ROBERTS, C. J., being absent, did not participate in this decision.