[Civ. No. 9563.   Second Appellate District, Division Two.—March 19, 1935.]

ERMA D. KNOBLAUGH et al., Respondents, v. GEO. W. McKINNEY et al., Appellants.

Hugh G. Maddox for Appellants.

C. Roy Smith for Respondents.

SCOTT, J., *pro tem.*—Plaintiffs, lessors of an apartment house, recovered judgment against defendants, lessees, in this suit for unlawful detainer, for possession of the premises in question and for rent. From such judgment defendants appeal.

In July, 1932, plaintiffs leased to defendants a three-story brick apartment building in the city of Long Beach, at a monthly rental of $320, due on the first day and in default on the tenth day of each month, payable at a designated bank in that city. On March 10, 1933, defendants tendered the rent to said bank but it was refused, owing to a bank holiday then in effect which precluded the bank from accepting it. That night an earthquake occurred which rendered the apartments uninhabitable, and all of the tenants left. Lessees concentrated their possessions in a limited area within the building and continued occupying a portion of it, and lessors entered, with knowledge and consent of the lessees, to restore the building to an habitable condition. In this work of restoration lessors acted on the advice and under orders of the municipal building authorities. The March rent was never again tendered and was not paid, and on April 7th, no payment having been made for the month of April, a three-day notice to pay rent or quit was served by lessors upon the lessees. On April 12th, no rent having been paid for the two months in question, this action was brought and plaintiffs were awarded judgment for $445 rent and possession of the premises.

It is apparent that the temporary disability of the bank was due to a restraint by a superior legal authority and was of a few days' duration, and that payment should have been made when as a matter of common knowledge lessees knew that said bank could have accepted it. The refusal by the bank was not voluntary and did not constitute a waiver of payment of the March rent.

The lessees make no claim that they elected to terminate the lease under the provisions of section 1932 of the Civil Code. (*Meek* v. *Cunha*, 8 Cal. App. 98 [96 Pac. 107].) They chose to remain in possession while the lessors

proceeded with repairs. This is not a case in which the lease was terminated by the destruction of the premises, as contemplated by Civil Code, section 1933, nor by any terms of the lease itself. Under circumstances such as here presented the obligation devolving upon lessees to continue paying rent as provided by the lease was not diminished or otherwise affected by the impairment of the property by earthquake. (*Harvey* v. *Weisbaum*, 159 Cal. 265 [113 Pac. 656, Ann. Cas. 1912B, 1115, 33 L. R. A. (N. S.) 540]; *C. M. Staub Shoe Co.* v. *Byrne*, 169 Cal. 122 [145 Pac. 1032]; *Pedro* v. *Potter*, 197 Cal. 751 [142 Pac. 926, 42 A. L. R. 1165].)

■ Contrary to the further suggestion of appellants, that they had been evicted by the lessors, the trial court found on sufficient evidence "that plaintiffs (lessors) exercised no control or dominion over the said premises other than was made necessary by the exigencies of the occasion, and defendants were not, nor were either of them, at any time evicted from said premises by any act or series of acts attributable to plaintiffs". Since lessees had failed to surrender the premises or pay the rent, lessors were entitled to judgment.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 16, 1935.