(13 Misc. Rep. 316.)

### HECHT v. HERRWAGEN.

(City Court of New York, General Term. June 25, 1895.)

LANDLORD AND TENANT—RENT—DESTRUCTION OF PREMISES.

A lease provided that, "if the premises be so damaged by fire that the landlord shall decide to rebuild, the term shall cease, and the accrued rent be paid up to the time of the fire." The rent was payable on the 1st of each month in advance. *Held,* that on the exercise by the landlord of his option, after damage by fire, to rebuild, the tenant was liable for rent only to the time of the fire.

Appeal from trial term.

Action by Henrietta Hecht against Edward C. Herrwagen. Judgment was entered on a verdict in favor of defendant, and plaintiff appeals. Affirmed.

Argued before VAN WYCK, CONLAN, and NEWBURGER, JJ.

Arthur Furber, for appellant.

Deyo, Duer & Bauerdorf, for respondent.

CONLAN, J. This is an appeal from a judgment entered on the verdict of a jury by direction of the court. This action was brought to recover the sum of $158.33, as rent for the month of August, 1891, under a written lease, between the plaintiff and the defendant, of certain premises in Prince street, in this city. The lease contained, among other things, this clause: "But if the premises be so damaged by fire that the landlord shall decide to rebuild, the term shall cease, and the accrued rent be paid up to the time of the fire." It is conceded that the buildings were so damaged by fire on the 12th day of August, 1891, that the landlord elected to avail himself of the above option, and the lease thereby became terminated. It is also conceded that the amount claimed was the monthly rent reserved by said lease, that it was payable on the 1st of every month, and that the August rent had not been

paid at the time of the commencement of the action. Plaintiff claims that, the rent being due on the 1st of the month, it had then accrued within the terms of the lease, and the respondent was entitled to full rent for the month. Defendant contends that the words "accrued rent up to the time of the fire" mean rent to the day of the fire, and no more. Under the provision of the lease, the landlord had the option, in case of fire, to repair or rebuild, in which latter event the lease was terminated, and in order that no injustice be done, or hardship imposed on the tenant, the clause in question was inserted in the lease, fixing a just and equitable period at which rent should cease, and up to which rent should be adjusted. There being no question of fact to submit to the jury, the trial judge was right in directing a verdict for the rent up to the time of the fire. Judgment affirmed, with costs. All concur.