MAX GOTTESMAN, Plaintiff, *v.* MORRIS GOLDBERG and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, October 2, 1933.

*Wein & Tomback* [*Lawrence Wein* of counsel], for the plaintiff.

*Julian I. Bergoffen,* for the defendants.

EDER, J. Plaintiff leased a store on the Coney Island board-walk for the term of two summer seasons of 1932 and 1933 at a rent of $3,000 per summer season. We are here concerned with the 1932 summer season. Plaintiff has paid $1,700, as follows: $700 on the execution of the lease; $300 on May 10, 1932, and $700 on account of an installment of $1,000 rent due on June 10, 1932. A further installment of $1,000 rent due on July 6, 1932, has not been paid. A fire occurred on July 13, 1932, and totally destroyed the leased premises.

Plaintiff sues to recover $800, alleging the 1932 summer season comprised a period of five months, commencing May 30, 1932, and ending October 30, 1932; that as the rent for the season is $3,000, it necessarily follows that it is to be computed at the rate of $600 a month. Plaintiff, prior to the fire, had paid as rent the sum of $1,700. He has been deprived of the use of the demised premises after July 13, 1932, the date of the fire, so that his posses-

sion has been limited to one and one-half months, and at the rate of $600 per month, the defendants, as landlord, are only entitled to the sum of $900 as rent for this usable period. He, therefore, claims an abatement of rent and right to a refund from the defendants of $800, and moves for summary judgment.

The defendants admit the 1932 summer season commenced May 30, 1932, but deny it ended October 30, 1932, as plaintiff alleges, but assert it ended September 5, 1932, Labor Day.

Defendants set forth two counterclaims and move for judgment on the pleadings. The first counterclaim is for $1,300, and embraces two items, i. e., the balance of $300 on the installment of $1,000, rent due June 10, 1932, and $1,000, the installment of rent due July 6, 1932. The second counterclaim is for a balance of rent of $300 due July 6, 1931, under another agreement made in 1930. As to the second counterclaim the plaintiff's affidavit alleges a modification of the agreement and I believe that as to this second counterclaim a triable issue is raised.

In the determination of the respective motions, therefore, I shall consider only the plaintiff's claim as alleged in the complaint, and the first counterclaim of the defendants.

I think the plaintiff's motion for summary judgment must be denied because I am of the belief that he has no sustainable cause of action and that the defendants are entitled to judgment on the first counterclaim in the sum of $1,000.

It is admitted that the plaintiff did not pay the installment of rent of $1,000 which had accrued on July 6, 1932, nor the balance of $300 on the installment of rent which had accrued on June 10, 1932. Concededly, therefore, plaintiff is indebted to the defendants in the sum of $1,300, and unless some decisive reason appears to deny it, the defendants are entitled to a judgment for this sum.

In avoidance of liability the plaintiff contends that section 227 of the Real Property Law absolves him of any liability to pay rent after the destruction of the demised premises, there having been a total destruction. This section reads: " § 227. When tenant may surrender premises. Where any building, which is leased or occupied, is destroyed or so injured by the elements, or any other cause as to be untenantable, and unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, quit and surrender possession of the leasehold premises, and of the land so leased or occupied; and he is not liable to pay to the lessor or owner, rent for the time subsequent to the surrender."

As I construe and interpret this provision, it merely relieves the

tenant of the obligation to pay rent for the property subsequent to the time the premises are rendered unusable, not for the period anterior thereto, when they were usable. So that for the period prior to the fire when the premises were usable, the plaintiff, as tenant, is clearly liable for such rent as accrued and was due at that time, where as here, the lease expressly provides that " if the premises be so damaged that the landlord shall decide to rebuild, the term shall cease and the accrued rent be paid up to the time of the fire."

Where such a clause is in the lease, section 227 of the Real Property Law is inapplicable and does not absolve the tenant from the obligation to pay the rent which had already accrued up to the time of the fire, and, in any event, this section relates to a period subsequent to the time of destruction and not prior thereto. (See *Brunswick-Balke-Collender* v. *Wallace*, 65 Misc. 27, involving an identical clause.)

In *Rieser* v. *Morgenstern & Co.* (167 N. Y. Supp. 945, 948) the Appellate Term substantially reaffirmed its ruling in the *Brunswick* case. Had the lease here provided that in case the demised premises were destroyed or rendered unusable the rent should be proportionately paid up to the time of such damage and should thenceforth cease until the premises were put in good order, plaintiff's position would be different.

The case of *Hecht* v. *Herrwagen* (13 Misc. 316 [City Ct.]; affd., 14 id. 529 [Com. Pl.]) is relied on by plaintiff and does sustain his contention, but I feel that as the *Brunswick* and *Rieser* cases are later rulings and mark the last expression of the appellate court they should be followed where a diametrically opposite view is taken in an earlier decision.

Prior to and up to the time of the fire on July 13, 1932, rent in the sum of $3,000 had already accrued and was due, and but $1,700 was paid by plaintiff. Defendants are, therefore, entitled to recover this unpaid sum, but under the jurisdictional limitation of this court may not be awarded a judgment for the unpaid rent of $1,300, but only to the sum of $1,000. (Mun. Ct. Code, § 86.)

Plaintiff's motion for summary judgment is denied. Defendants' motion for judgment on the pleadings is granted and the complaint dismissed as a matter of law, and judgment is awarded defendants on the first counterclaim in the sum of $1,000 against the plaintiff. As to the second counterclaim, the motion is denied because a triable issue is raised by the allegation in the plaintiff's opposing affidavit that the agreement sued on was subsequently modified. Ten days' stay of execution.